**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-6353

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RASHAUN ANTONIO TAYLOR, a/k/a Diablo, a/k/a Blo, a/k/a Bosston Blo, a/k/a Bubba,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, Senior District Judge.  (2:19-cr-00036-RAJ-RJK-1; 2:23-cv-00487-RAJ)

Submitted:  January 14, 2026                    Decided:  March 3, 2026

Before WYNN and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Rashaun Antonio Taylor, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashaun Antonio Taylor seeks to appeal the district court's order denying his motion to compel discovery to support his 28 U.S.C. § 2255 motion. As a preliminary matter, we deny Taylor's motions to consolidate this appeal with another appeal and for consideration of his claims under *Brady v. Maryland*, 373 U.S. 83 (1963). Additionally, we dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "The timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007) (citation modified).

The district court filed the appealed-from order on January 22, 2024. Taylor filed the notice of appeal on April 21, 2025.[*] Because Taylor failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Taylor could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*